IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVEL JONES, | ) | 8:13CV337 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's "Motion for Removal of Civil State Actions to Federal Court," which the court liberally construes as a Notice of Removal. (Filing No. 1.) In his Notice, Plaintiff states that he seeks to remove two separate state civil actions, filed against Defendant in 2012, to this court pursuant to 28 U.S.C. § 1441. (*Id*. at CM/ECF p. 1.) Plaintiff alleges the Nebraska State Courts are "able but unwilling to protect" his rights. (*Id*. at CM/ECF p. 2.) For the reasons discussed below, this matter will be dismissed.

First, Plaintiff did not pay a filing fee or submit an application to proceed in forma pauperis in this matter. (*See* Docket Sheet.) Even if he had, a plaintiff cannot "remove" a state lawsuit to federal court; only a defendant has the right to remove. *See* 28 U.S.C. §§ 1441, 1443, 1446; *Chi. R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

Second, to the extent Plaintiff seeks this court's intervention in an ongoing state court proceeding, the court will abstain from exercising jurisdiction. Indeed, this court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)). Plaintiff has not alleged, nor demonstrated, that the Nebraska court proceedings will not provide him with the opportunity to raise his claims. Rather, he appears to simply disagree with how the Nebraska courts are handling his claims. (*See* Filing No. 1.)

Third, to the extent Plaintiff seeks review of a state court judgment, the *Rooker-Feldman* doctrine prohibits this court from exercising appellate review. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court'" (citation omitted)). Accordingly,

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of April, 2014.

                                                   BY THE COURT:

                                                   s/ Joseph F. Bataillon
                                                 United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.